# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| JARRED K. CAVANAUGH, | ) | |
| Plaintiff, | ) | |
| | ) | **Civil Action No. 3:25-cv-1291** |
| v. | ) | **Judge Crenshaw / Frensley** |
| | ) | |
| SOCIAL SECURITY | ) | |
| ADMINISTRATION, | ) | |
| Defendant. | ) | |

## <u>REPORT AND RECOMMENDATION</u>

Pending before the is Plaintiff's Motion for Attorney's Fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) in which Plaintiff requests an award of $6930.00 for attorney's fees and costs in the amount of $405.00. Docket Nos. 14 and 15. Plaintiff filed supporting memorandum and an affidavit. Docket No. 15 and 15-1. Defendant has filed a response in opposition to the motion. Docket No. 17. Plaintiff has filed a reply. Docket No. 18. The matter was referred to the undersigned for Report and Recommendation. Docket No. 16. For the reasons set forth herein, the undersigned recommends that the Plaintiff's Motion be **GRANTED IN PART.**

Plaintiff now claims entitlement to fees pursuant to the EAJA, which states that a court

> shall award to a prevailing party fees and other expenses ... incurred by that party in any civil action ... including proceedings for judicial review of agency action, brought by or against the United States ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

Eligibility for an award under the EAJA therefore requires: (1) that Plaintiff is the prevailing party; (2) that the Commissioner's position was not substantially justified; and (3) that no special circumstances make the award unjust. *Richards v. Sec'y of Health & Human Servs.*, 884

F. Supp. 256, 258 (N.D. Ohio 1995) (*citing Jankovich v. Bowen*, 868 F. 2d 867, 871 (6th Cir. 1989)).

A claimant who wins a remand of his or her Social Security appeal may be considered a "prevailing party" for purposes of this statute regardless of whether he or she is ultimately awarded benefits. Fees awarded pursuant to the EAJA are paid by the Commissioner and therefore do not impact the claimant's future award of benefits.

The entry of judgment in this matter remanding the action to the Social Security Administration for further administrative proceedings (Docket No. 13) the Plaintiff filed a motion for attorney's fees, along with a supporting memorandum of law and an affidavit (Docket Nos. 14, 15, 15-1). The Plaintiff sought an award of attorney's fees totaling $6930.00 under the Equal Access to Justice Act and costs in the amount of $405.00. Docket No. 15. The Defendant has filed a response acknowledging that an award of EAJA fees is appropriate but objecting to the requested hourly rate proposed by the Plaintiff. Docket No. 17. The Defendant requests that the Court reduce the fee award to $5,818.92 and costs of $405.00 "so that the costs incurred in this action can be properly reimbursed from the judgment fund." Id. The Plaintiff filed a reply indicating that upon review of the Defendant's response there is no objection to the requested reduction in fees and asks that the Court award EAJA fees in the amount $5,818.92, and costs in the amount of $405.00. Docket No. 18.

The Court finds that the modified requested fee award is reasonable and based upon the agreement of the Parties recommends that Plaintiff receive an award of EAJA fees in the amount of $5,818.92 and costs of $405.00.

For the reasons set forth above the undersigned recommends that the Plaintiff's motion for attorney's fees pursuant to Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) (Docket

No. 14) be **GRANTED in PART** and that the Plaintiff be awarded EAJA fees in the amount of $5,818.92 and costs in the amount $405.00 resulting in an award amount to $ 6,223.92. If Plaintiff has no debt registered with the Department of Treasury subject to offset, the undersigned recommends that the fees be made payable to Plaintiff's counsel of record.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**

3